IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

WAYLON PITCHFORD,

    Petitioner,               No. 2:10-cv-0094-JFM (HC)

    vs.

GARY SWARTHOUT,

    Respondent.          ORDER

_____/

        On January 11, 2010, petitioner, a state prisoner at California State Prison Solano, filed a document styled as a motion seeking an extension of time to file an application for writ of habeas corpus. By order filed January 27, 2010, petitioner was advised that in order to commence an action he must file a petition for writ of habeas corpus as required by Rule 3 of the Rules Governing Section 2254 cases and either pay the required filing fee or file an application requesting leave to proceed in forma pauperis. See 28 U.S.C. §§ 1914(a), 1915(a). Petitioner was further advised that the court would not issue any orders granting or denying relief until an action has been properly commenced and his motion for extension of time was denied without prejudice. Petitioner was provided with an opportunity to file, within thirty days, a petition, and to submit an application requesting leave to proceed in forma pauperis or to submit the appropriate filing fee.

        On February 2, 2010 and February 12, 2010, petitioner filed motions to proceed in forma pauperis, and on March 16, 2010, petitioner filed a petition for writ of habeas corpus.[1]

---

[1] The petition is dated February 11, 2010.

1

Examination of the in forma pauperis affidavit reveals that petitioner is unable to afford the costs of suit. Accordingly, the request for leave to proceed in forma pauperis is granted. See 28 U.S.C. § 1915(a).

Since petitioner may be entitled to the requested relief if the claimed violation of constitutional rights is proved, respondent will be directed to file an answer.

Petitioner has also moved for the appointment of counsel.[2] There currently exists no absolute right to appointment of counsel in habeas proceedings. See Nevius v. Sumner, 105 F.3d 453, 460 (9th Cir. 1996). However, 18 U.S.C. § 3006A authorizes the appointment of counsel at any stage of the case "if the interests of justice so require." See Rule 8(c), Fed. R. Governing § 2254 Cases. In the present case, the court does not find that the interests of justice would be served by the appointment of counsel at the present time. Accordingly, petitioner's motion for appointment of counsel will be denied without prejudice.

In accordance with the above, IT IS HEREBY ORDERED that:

1. Petitioner's motions to proceed in forma pauperis are granted;

2. Respondent is directed to file an answer within forty-five days from the date of this order. See Rule 4, Rules Governing Section 2254 Cases. Respondent shall include with the answer any and all transcripts or other documents relevant to the determination of the issues presented in the application. Rule 5, Rules Governing Section 2254 Cases;

3. Petitioner's traverse, if any, is due on or before thirty days from the date respondents' answer is filed;

4. Petitioner's January 21, 2010 motion for appointment of counsel is denied without prejudice;

5. Petitioner's January 21, 2010 motion for extension of time is denied; and

---

[2] Petitioner's motion for appointment of counsel is accompanied by a request for an extension of time "to find help in proceeding further to obtain a federally appointed lawyer." This request is mooted by petitioner's filing of a petition for writ of habeas corpus and this court's denial of his motion for appointment of counsel. It will therefore be denied.

1    6. The Clerk of the Court shall serve a copy of this order together with a copy of petitioner's application for writ of habeas corpus and an Order Re Consent or Request for Reassignment on Michael Patrick Farrell, Senior Assistant Attorney General.

DATED: March 29, 2010.

_____
UNITED STATES MAGISTRATE JUDGE

12
pitc0094.100