IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

WAYLON PITCHFORD,

    Petitioner,                      No. 2:10-cv-0094-JFM (HC)

    vs.

VINCE CULLEN,[1]

    Respondent.                ORDER

/

        Petitioner is a state prisoner proceeding pro se with an application for a writ of habeas corpus pursuant to 28 U.S.C. § 2254.  This matter is proceeding before a United States Magistrate Judge with the consent of the parties pursuant to 28 U.S.C. § 636(c).  See Consents filed February 2, 2010 and April 13, 2010.  Respondent has moved to dismiss this action as barred by the statute of limitations.  Petitioner has not opposed the motion.

        Section 2244(d)(1) of Title 28 of the United States Code provides:

> A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court.  The limitation period shall run from the latest of –

/////

---

[1] Good cause appearing, respondent's May 14, 2010 request to substitute Vince Cullen, the Warden of San Quentin State Prison, as respondent is granted.

1

   (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;

   (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;

   (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or

   (D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

28 U.S.C. § 2244(d)(1). Section 2244(d)(2) provides that "the time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward" the limitations period. 28 U.S.C. § 2244(d)(2).

  For purposes of the statute of limitations analysis, the relevant chronology of this case is as follows:

  1. Petitioner was convicted on February 7, 2003 and sentenced on March 10, 2003.

  2. On April 19, 2004, the California Court of Appeal for the Third Appellate District affirmed petitioner's conviction. Petitioner did not seek review in the California Supreme Court.

  3. On May 7, 2008, petitioner filed a petition for writ of habeas corpus in the Tehama County Superior Court.[2] That petition was denied on May 16, 2008.

/////

---

[2] The petition was signed by petitioner on May 7, 2008, and respondent acknowledges that as the filing date of the petition. See Motion to Dismiss, filed May 14, 2010, at 2 n.3, citing Houston v. Lack, 487 U.S. 266 (1988).

4. On June 8, 2008, petitioner filed a petition for writ of habeas corpus in the California Court of Appeal for the Third Appellate District.[3] It was denied by order filed June 19, 2008.

5. On June 30, 2008, petitioner filed a petition for writ of habeas corpus in the California Supreme Court.[4] It was denied by order filed March 11, 2009.

9. On February 11, 2010, petitioner filed the instant action.[5]

Petitioner's conviction became final on May 29, 2004, forty days after the state court of appeal affirmed his conviction. See Gaston v. Palmer, 417 F.3d 1030, 1033 (9th Cir. 2005). The statute of limitations began to run the next day and expired one year later, on or about May 30, 2005. See Patterson v. Stewart, 251 F.3d 1243, 1246 (9th Cir. 2001). Petitioner did not file any further action until May 7, 2008, and he did not file the instant action until February 11, 2010, well after the limitation period expired. Accordingly, this action is time-barred and will be dismissed.

Pursuant to Rule 11 of the Rules Governing Section 2254 Cases in the United States District Courts, "[t]he district court must issue or a deny a certificate of appealability when it enters a final order adverse to the applicant." Rule 11, 28 U.S.C. foll. § 2254. A certificate of appealability may issue under 28 U.S.C. § 2253 "only if the applicant has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). The court must either issue a certificate of appealability indicating which issues satisfy the required showing or must state the reasons why such a certificate should not issue. Fed. R. App. P. 22(b).

/////

---

[3] The date on which petitioner signed the petition is deemed the filing date. See footnote 2, supra.

[4] The date on which petitioner signed the petition is deemed the filing date. See footnote 2, supra.

[5] The date on which petitioner signed the petition is deemed the filing date. See footnote 2, supra.

1  Where, as here, the petition was dismissed on procedural grounds, a certificate of
2  appealability "should issue if the prisoner can show: (1) 'that jurists of reason would find it
3  debatable whether the district court was correct in its procedural ruling'; and (2) 'that jurists of
4  reason would find it debatable whether the petition states a valid claim of the denial of a
5  constitutional right.'" Morris v. Woodford, 229 F.3d 775, 780 (9th Cir. 2000) (quoting Slack v.
6  McDaniel, 529 U.S. 473, 484 (2000)).

7  After careful review of the entire record herein, this court finds that petitioner has
8  not satisfied the first requirement for issuance of a certificate of appealability in this case.
9  Specifically, there is no showing that jurists of reason would find it debatable whether this action
10  is time-barred. Accordingly, this court will not issue a certificate of appealability.

11  In accordance with the above, IT IS HEREBY ORDERED that:
12      1. Vince Cullen is substituted in as respondent in this action;
13      2. Respondent's motion to dismiss is granted;
14      3. This action is dismissed as barred by the statute of limitations; and
15      4. This court declines to issue a certificate of appealability.
16  DATED: August 9, 2010.

UNITED STATES MAGISTRATE JUDGE

20  12
    pitc0094.mtd